**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

COREY CURTIS FORBES,

    Plaintiff - Appellant,

v.

BEST BUY CO., INC.,

    Defendant - Appellee.

Nos. 25-1168 & 25-1276
(D.C. No. 1:23-CV-01574-CNS-
MDB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **BACHARACH**, Circuit Judge.

_____

This case involves the interplay between an employer's attendance policy and the Covid-19 pandemic. The overarching disagreement is whether the employer violated Colorado law by firing an employee for missing work after getting Covid.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**1.     The employee is fired after getting cleared under the Covid-19 policy.**

The plaintiff is Mr. Corey Forbes, who worked for Best Buy Co., Inc. Best Buy had separate policies for attendance and Covid-19.

Before Covid-19 struck, the attendance policy required employees unable to work to notify management at least one hour before their shifts. Employees would get fired if they missed three straight days without giving notice. R. vol. 1, at 415–16.

Best Buy changed some of its attendance policies during the pandemic. For example, if employees tested positive for Covid-19, they wouldn't need to return to work until (1) at least ten days had passed from the onset of symptoms and (2) there were no more symptoms. R. vol. 1, at 412 ¶ 9.

In 2021, Mr. Forbes tested positive for Covid-19 and invoked the new policy. Six days later, a supervisor asked Mr. Forbes when he would return to work. He responded that he had been cleared to return on December 20, 2021. *Id.* at 351–52.

But Mr. Forbes didn't come to work on December 20 or 21. On December 21, Mr. Forbes texted that he would return on December 22. But Mr. Forbes again missed work without telling Best Buy before his shift. Near the end of Mr. Forbes's shift, his supervisor asked about the absence. Mr. Forbes responded that he had needed to resolve an arrest warrant for

2

unpaid traffic tickets. Best Buy then fired Mr. Forbes for violating the attendance policy.

**2.    The district court correctly grants summary judgment to Best Buy on two statutory claims.**

Mr. Forbes sued Best Buy, claiming that he was fired for using the Covid-19 policy. For this claim, he invokes two Colorado statutes:

1.    The Healthy Families and Workplaces Act, Colo. Rev. Stat. § 13.3-401 to 418, which prohibits retaliation for invoking statutory protections, and

2.    The Public Health Emergency Whistleblower Act, Colo. Rev. Stat. § 8-14.4-101 to 109, which prohibits retaliation for complaining about an employer's violation of a public health order.

On both claims, the district court granted summary judgment to Best Buy, reasoning that (1) Mr. Forbes had been fired for failing to return to work when he said he would and (2) he hadn't raised any concerns about a public health order.

For these rulings, we conduct de novo review, applying the same standard that governed in district court. *Snyder v. Beam Techns., Inc.*, 147 F.4th 1246, 1253 (10th Cir. 2025). Under that standard, the grant of summary judgment would be correct if Best Buy had shown a right to judgment as a matter of law and the absence of a genuine dispute of material fact. *Berberich v. Kan. City S. Ry.*, 162 F.4th 1045, 1053 (10th Cir. 2025).

Under this standard, Best Buy was entitled to summary judgment given the absence of evidence as to a retaliatory intent or complaints about a public health order. Mr. Forbes admittedly told Best Buy that he was cleared to return to work on December 20, 2021,[1] and he then missed three straight days without giving any notice.

Mr. Forbes points to evidence about sick pay and his pay stub. But this evidence doesn't suggest retaliation for using the Covid-19 policy or complaining about the violation of a public health order. For example, he points to evidence that employees with Covid-19 would get two weeks' sick pay. But Mr. Forbes wasn't on sick leave during the three days at issue (December 20, 21, and 22). Mr. Forbes also relies on his final pay stub, saying that it showed 48 hours of accrued leave that he wasn't able to use. But this evidence doesn't suggest retaliation for using the Covid-19 policy or complaining about the violation of a public health order.

Mr. Forbes also asserts that the district court should have considered

- a state regulation (7 Colo. Code Regs. § 1103-11) and

- a federal statute (the Federal Families First Coronavirus Response Act, Pub. L. 116-127, 134 Stat. 178 (March 18, 2020)).

But Mr. Forbes doesn't explain these assertions.

---

[1] The parties disagree on whether Mr. Forbes told a second employee (Ms. Kirstie Chavez) that he would return to work on December 20. But Mr. Forbes doesn't deny saying that he would return to work when questioned by his supervisor. *See* R. vol. 1, at 351–52.

Absent an explanation for these assertions, we uphold the grant of summary judgment based on Mr. Forbes' failure to prove retaliatory intent.

### 3.    The district court didn't err in declining requests for post-judgment relief.

After the district court entered judgment for Best Buy, Mr. Forbes moved to alter or amend the judgment under Fed. R. Civ. P. 59(e) and to obtain relief from the judgment under Fed. R. Civ. P. 60.

The motions to alter or amend the judgment were late. They were due 28 days after the court entered judgment. Fed. R. Civ. P. 59(e). But Mr. Forbes waited 43 days before moving to alter or amend the judgment. So the district court properly denied these motions on grounds of timeliness.

Mr. Forbes also moved for relief from the judgment. For these motions, he pointed to the code on the docket sheet, which had classified the case as one for a civil rights violation rather than a violation of state law. But the clerk's classification system didn't affect the grant of summary judgment. So the district court didn't err in rejecting Mr. Forbes' motions for relief from the judgment.

### 4.    Conclusion

We affirm the judgment for Best Buy. Mr. Forbes invoked two state statutes, which created liability when an employer retaliates against an employee for complaining about statutory protections or the violation of a

public health order. But Mr. Forbes presented no evidence of retaliatory intent.

He doesn't deny saying that he would return to work on December 20, and he then missed three straight days of work without giving notice to Best Buy. These absences triggered termination under the attendance policy.

Given the undisputed facts bearing on application of this policy, no fact-finder could reasonably infer retaliation against Mr. Forbes for invoking the Covid-19 policy or for complaining about the violation of a public health order.[2]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]    We grant Mr. Forbes's motions to proceed without prepayment of costs and fees in both appeals. (Appeal No. 25-1168, Dkt. No. 15; Appeal No. 25-1276, Dkt. No. 8). But we deny his motions for summary reversal. (Appeal No. 25-1168, Dkt. No. 25; Appeal No. 25-1276, Dkt. No. 21).